**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. LESLIE ZUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26 C 6552 |
| | ) | |
| AMERICAN ASSOCIATION OF EMERGENCY PSYCHIATRY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant American Association for Emergency Psychiatry's ("AAEP")[1] motion to dismiss Plaintiff Dr. Leslie Zun's complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) and 28 U.S.C. § 1391, 1404(a), and 1406(a), or in the alternative to transfer this action to the United States District Court for the District of Colorado. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Dr. Zun is a citizen and resident of Illinois; the AAEP is a nonprofit professional organization incorporated in Colorado. In 2017, Dr. Zun sent the AAEP a written draft agreement ("Agreement") to transfer sponsorship of the National Update on Behavioral

[1] Incorrectly named as the American Association of Emergency Psychiatry.

Emergencies ("NUBE") conference from Chicago Medical School to the AAEP, together with associated funds. The proposal was approved at a May 21, 2017 meeting of the Board of Directors held in San Diego, California. Under the agreement, Dr. Zun would serve as program director in conjunction with the Board. The Agreement provided that $25,000 transferred from Chicago Medical School would be maintained in reserve for future conferences, the remaining transferred funds would be maintained in a separate reserve account under Dr. Zun's control, and control of the NUBE would revert to Dr. Zun if the AAEP ceased hosting the conference.

On or about June 18, 2018, Dr. Zun facilitated the transfer of $162,213.57 to the AAEP in connection with its sponsorship of the NUBE. The AAEP paid Dr. Zun $25,000 for his services as program director at the 2017 conference, an amount the Board deemed "appropriate compensation." The AAEP thereafter continued sponsoring the NUBE annually, and Dr. Zun remained as program director through 2024. Dr. Zun assisted with planning, organization, and execution of the conference each year, and provided expertise, guidance, and leadership.

However, Dr. Zun did not receive compensation for any NUBE conference between 2018 and 2024. Dr. Zun alleges that the AAEP failed to segregate the money transferred in 2018 into the two reserves. And in 2025, the AAEP changed the bylaws to exclude Dr. Zun from all communications and decision-making related to the conference. On or about May 5, 2025, the AAEP emailed Dr. Zun stating it could not continue with the 2017 agreement because they no longer needed him for the conference.

Dr. Zun filed this action asserting breach of contract and, in the alternative, quantum meruit. He alleges that AAEP breached the Agreement by failing to maintain the transferred funds in the required reserve accounts, failing to compensate him for his services from 2018 through 2024, and terminating his continuing role and rights under the Agreement. Dr. Zun invokes diversity jurisdiction under 28 U.S.C. § 1332(a) and pleads venue under 28 U.S.C. § 1391(b), alleging that a substantial part of the events giving rise to the claims occurred in this District. The AAEP moves to dismiss for lack of personal jurisdiction and improper venue, or alternatively to transfer the action to the United States District Court for the District of Colorado.

## **LEGAL STANDARD**

Under Rule 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). A plaintiff need not allege facts concerning personal jurisdiction in his or her complaint, but "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). When a court rules on a Rule 12(b)(2) motion based upon written submissions without holding an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Id.* at 392–93.

A party may move under Rule 12(b)(3) for dismissal of an action filed in an improper venue. Fed. R. Civ. P. 12(b)(3). "When a defendant challenges venue, the plaintiff bears the burden of establishing proper venue." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 875 (N.D. Ill. 2015) (citations omitted). A court reviewing a Rule 12(b)(3) motion to dismiss accepts all facts alleged in the complaint as true, unless contradicted by an affidavit. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). A court "may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Id.* If venue is improper, a court may, in the interest of justice, transfer a case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Courts have broad discretion in deciding whether to transfer a case under Section 1406(a). *See Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 608 (7th Cir. 2003).

## DISCUSSION

### I. Personal Jurisdiction

There are two types of personal jurisdiction: general and specific.[2] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Dr. Zun does not argue

---

[2] A federal district court sitting in diversity applies the personal jurisdiction rules of the forum state. *Webber v. Armslist* LLC, 70 F.4th 945, 953 (7th Cir. 2023) (citing *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015)). Because the Illinois long-arm statute permits courts to exercise jurisdiction to the full extent permitted by the United States Constitution, the statutory and federal constitutional inquiries merge. *Curry*, 949 F.3d at 393; *Kipp*, 783 F.3d at 697. The Due Process Clause authorizes personal jurisdiction where an out-of-state defendant has sufficient minimum contacts with the state that a suit against the defendant does not offend traditional notions of fair play and substantial justice. *Kipp*, 783 F.3d at 697.

the Court has general personal jurisdiction over AAEP, only specific. Specific jurisdiction focuses on whether a defendant "purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* at 359 (citation omitted). Even then, specific jurisdiction attaches only where the plaintiff's claims arise out of or relate to the defendant's contacts with the forum state. *Id.*

Dr. Zun must establish three elements to show that the Court has specific personal jurisdiction over the AAEP: (1) the AAEP must have purposefully availed itself of the privilege of conducting business in Illinois or purposefully directed its activities at the state, (2) the alleged injury must have arisen from the AAEP's forum-related activities, and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

The Seventh Circuit has given plenty of guidance on how to analyze specific jurisdiction in cases arising out of a contract dispute. "[C]ontracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 493 (7th Cir. 2014) (citation omitted). Instead, courts conduct "a context-sensitive analysis of the contract," examining "prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of actual dealing with each other." *Id.* Importantly, "it is only the dealings between the parties in regard to the disputed contract that are relevant to minimum contacts analysis." *RAR, Inc. v. Turner Diesel,*

*Ltd.*, 107 F.3d 1272, 1278 (7th Cir. 1997) (cleaned up). Courts "look to who initiated the transaction, where the negotiations were conducted, where the parties executed the contract, and where the defendant would have performed the contract." *Eagle Air Transp., Inc. v. Nat'l Aerotech Aviation Del., Inc.*, 75 F. Supp. 3d 883, 889 (N.D. Ill. 2014) (quoting *Corus Am., Inc. v. Int'l Safety Access Corp*., 2009 WL 5183834, at *3 (N.D. Ill. 2009)).

The AAEP argues that: (1) Dr. Zun, not the AAEP, initiated the relationship; (2) the AAEP Board approved the arrangement outside Illinois; (3) the NUBE conferences for which Dr. Zun rendered his services occurred outside Illinois; and (4) Dr. Zun's location and the flow of funds are insufficient to confer personal jurisdiction. In response, Dr. Zen submits that although he made initial contact regarding the Agreement, subsequent discussions and negotiations were conducted remotely, including by telephone, email, and video conference. His responsibilities as program director were not limited to appearing at the annual conferences; much of the planning, preparation, and other conference-related work was performed by Dr. Zun from Illinois. All communications with the AAEP concerning conference preparations were conducted through telephone, email, and video conference while Dr. Zun was in Illinois.

The AAEP argues, persuasively, that all of the contacts Dr. Zun invokes "are his own unilateral activities in Illinois and the AAEP's communications with him as its counterparty." Dkt. # 16, at 1. "[P]ersonal jurisdiction hinges on the defendant's—not

the plaintiff's—contacts with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023). In the AAEP's view, "Dr. Zun's preparatory work in Illinois is his own activity, not the AAEP's and cannot carry his burden." Dkt. # 16, at 6.

The AAEP likens this case to *Brook v. McCormley*, 873 F.3d 549 (7th Cir. 2017). In *Brook*, an Illinois-based trustee of an Arizona-based trust engaged the services of an Arizona law firm for representation. *Id.* at 551. For thirteen years, the firm and trustee conducted business through correspondence and phones calls between Arizona and Illinois. *Id.* At some point, the relationship deteriorated and the trustee sued the law firm partners for malpractice, breach of contract, and breach of fiduciary duty in Illinois federal court. *Id.* The district court granted the law firm's motion to dismiss for lack of personal jurisdiction, and the Seventh Circuit affirmed the dismissal. *Id.* Despite the "correspondence from Arizona, telephone calls, the contract governing the attorney-client relationship, attorneys' fees sent from Illinois, and [plaintiff] having felt the injury in Illinois," the Seventh Circuit concluded that these "tenuous contacts" were insufficient because the plaintiff was "attempt[ing] to use Defendants' relationship with [plaintiff] to establish personal jurisdiction, not the Defendants' relationship with Illinois." *Id.*

The AAEP also relies heavily on *Northern Grain*, in which the Seventh Circuit concluded Illinois had no specific jurisdiction over a Wisconsin defendant even when he contracted with an Illinois plaintiff. *See* 743 F.3d 487. In that case, the defendant (a Wisconsin farmer) traveled to Illinois to meet an agent of the plaintiff (an Illinois

grain buyer). *Id.* at 490–91. Sometime after returning to Wisconsin, the Wisconsin farmer contracted with the Illinois grain buyer to sell his grain. *Id.* at 491. When the Illinois buyer later sued for breach of contract in Illinois district court, the Seventh Circuit agreed it lacked jurisdiction. *Id.* at 496. The panel reasoned that "contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum." *Id.* at 493 (citation omitted). Instead, relying on the fact that the defendant's obligations under the contract were a "series of discrete contracts" involving "discrete tasks" performed *outside* of the forum state, with "no 'continuing obligations,'" the court affirmed Illinois's lack of personal jurisdiction. *Id.* at 495. The mere fact that the parties met in Illinois and that the Wisconsin farmer "recontracted with [the Illinois buyer] from time to time for about nine years," carried little weight. *Id.* at 495–96.

Dr. Zun's principal authority, *NSC Partners, LLC v. Eli Lilly & Co.*, 823 F. Supp. 3d 837 (N.D. Ill. 2026), does not help his case. There, the defendant, an Indiana company, initiated the relationship, physically negotiated the deal in Illinois, and had an ownership interest in the Illinois company. These facts, along with phone and email communications with the Illinois company's employees and payments to the company's Illinois bank accounts, demonstrated that the defendant "reached out beyond" its Indiana headquarters to forge a long-term relationship with an Illinois entity, and personal jurisdiction was proper. *Id.* at 843. In contrast, the AAEP's only contacts with Illinois were its communications with Dr. Zun and a one-time payment to Illinois.

Applying the above considerations to the facts of this case, the Court finds that the AAEP lacks the requisite minimum contacts with Illinois to support an exercise of personal jurisdiction over it. Even though the AAEP presumably knew Dr. Zun was an Illinois resident, its contacts were with Dr. Zun alone and had nothing to do with Illinois itself. There is nothing in the contract suggesting Dr. Zun's work was expected or required to be performed in Illinois. *See Forrester v. Seven Seventeen HB St. Louis Redevelopment Corp.*, 336 Ill. App. 3d 572, 578 (2002) ("The relevant inquiry is not whether the plaintiff partially performed the contract in Illinois, but whether the *defendant* performed any part of the contract in Illinois." (emphasis in original)). In other words, the AAEP's only link to the forum state is through Dr. Zun. Dr. Zun approached the AAEP with the proposal, the agreement was approved in California, the conferences were held in other states, and the AAEP, a Colorado nonprofit, has no other ties to Illinois. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."). Dr. Zun's presence in Illinois during the contacts with the AAEP was nothing more than fortuitous. "If [Dr. Zun] had been a resident of Florida, Hawaii, or any state in between, those jurisdictions would have precisely the same connection to this action as does [Illinois]." *Forret v. Davis*, 2017 WL 6501918, at *5 (E.D. Wis. 2017). Dr. Zun has failed to make a prima facie showing of personal jurisdiction.

## II. Transfer

Because the Court lacks personal jurisdiction over the AAEP, the question becomes whether dismissal or transfer is the appropriate course of action. When a district court finds that it lacks personal jurisdiction, it has the "independent obligation"—albeit a "quite limited" one—to "at least consider a transfer and make some findings under [28 U.S.C.] § 1631." *North*, 72 F.4th at 228 (cleaned up) (explaining that the "obligation is quite limited, and it is rare that a court's oversight will amount to reversible error"). Under Section 1631, when "a court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other . . . court . . . in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

The Court concludes transfer would best serve the interest of justice.[3] The case may be transferred to any court in which it could have been initially filed, *i.e.*, where venue and personal jurisdiction are proper. The AAEP has proposed transfer to Colorado, the state of its incorporation and the situs of its records and daily operations, and Dr. Zun has not claimed venue would not be appropriate there. Accordingly, the Court denies the AAEP's request for dismissal and grants its alternative request to transfer pursuant to 28 U.S.C. § 1631. However, the Court recognizes that Dr. Zun may prefer a dismissal so that he has ample time to secure local counsel (if necessary) and

---

[3] 28 U.S.C. § 1406 also gives the Court authority to transfer if doing so is "in the interest of justice." *See North*, 72 F.4th at 229.

so he can determine his timeline to refile the case himself in Colorado. Accordingly, the transfer will be **stayed** until **December 4, 2026**. In the event Dr. Zun believes dismissal best serves the interest of justice, he shall file a status report before the deadline requesting dismissal. If nothing is filed by December 4, 2026, the Clerk will transfer this case to the District of Colorado.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion, the Court concludes it lacks personal jurisdiction over the AAEP, and the AAEP's motion to dismiss or transfer [6] is therefore granted in part and denied in part. The Court concludes that the alternative request to transfer the case to the District of Colorado would best serve the interests of justice. However, because Dr. Zun has not included his position on whether he believes a transfer or dismissal would best serve the interests of justice, the transfer is **STAYED** until **December 4, 2026**. Dr. Zun shall make his position known by that deadline. If nothing is filed by **December 4, 2026**, the Clerk is directed to transfer this case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1631.

It is so ordered.

Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Date: November 13, 2026